UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| K.J., on behalf of her minor son, D.M., <br><br> Plaintiff, <br><br> v. <br><br> City of Waseca, Police Chief Penny Vought in her individual and official capacity, and Waseca Police Officer Andrew Harren in his individual and official capacity, <br><br> Defendants. | Civ. No. 23-CV-0002 (WMW/JFD) <br><br><br> **PETITION FOR APPROVAL OF MINOR SETTLEMENT** |

## INTRODUCTION

▓▓▓▓▓▓▓, individually, and as parent and natural guardian for ▓▓▓▓▓ ▓▓▓ ("Petitioner"), petitions the Court for approval of a minor settlement on behalf of her minor child, ▓▓▓▓▓▓▓▓ ("D.M.") In support of this request, Petitioner states as follows:

1. D.M. is the minor child of ▓▓▓▓▓▓▓▓ D.M.'s date of birth is ▓▓▓▓▓▓▓▓ and he is presently 14 years old. D.M. resides with his mother in Mankato, Minnesota.

2. In 2022, Petitioner retained the American Civil Liberties Union of Minnesota ("ACLU") to represent ▓▓▓▓▓▓▓▓ and D.M. (collectively, "Plaintiffs") in an action relating to a trespass notice issued by police officers in the City of Waseca.

3. In December 2021, Plaintiffs filed a complaint in Minnesota state court against the City of Waseca, its police chief, Penny Vought, and Waseca police officer

1

Andrew Harren (collectively, "Defendants"). A few weeks later, Defendants removed this case to the Federal District Court of Minnesota.

4. In the course of settlement discussions between the parties, Defendants offered $12,500.00 to Plaintiffs to settle this case as well as policy changes including:

    a. City of Waseca will create a written policy for the issuance of written trespass notices at public parks. Such notices may trespass someone for up to 365 days.
    b. Notices may only be given by Waseca police officers and/or designated staff after they have consulted with the issuing officer's supervisor and the Waseca City Attorney.
    c. For a first offense, the trespass notice can apply only to the park where the alleged violation occurred.
    d. For a second offense within the 365 day period, the notice can apply to all city parks.
    e. Within 14 days of being given a trespass notice, the alleged offender may appeal to a committee of the City Council designated to hear appeals.

5. Plaintiffs accepted the settlement offered by Defendants. Plaintiffs carefully considered the settlement and decided it was in the best interests of D.M. to accept the settlement offered by Defendants.

6. Plaintiffs and Defendants entered final agreement in this case on September 14, 2023

7. In entering these agreements, Defendants specifically deny any fault or liability to Plaintiffs.

8. Plaintiffs' attorneys provided legal services in this matter *pro bono*. To allow Plaintiffs to recover the largest settlement available, all settlement funds, inclusive of attorneys' fees and costs, have been allocated to Plaintiffs as part of a global settlement

agreement. Plaintiffs' counsel are not seeking any of fees or costs associated with this matter separate from those that have been allocated to Plaintiffs.

9. Petitioner believes that the proposed settlement is in the best interest of the minor child D.M., and should be accepted subject to the approval of this Court, rather than impose upon the minor the emotional distress, consequence, burden, additional expenses, delay, and uncertainty of moving ahead with litigation.

**WHEREFORE**, Petitioners pray for an order of this Court as follows:

1. Approving Petitioner's acceptance of Defendants' settlement offer of $12,500.00.

2. Approving distribution of the settlement funds as follows:

    a. To D.M., the sum of $12,500.00. Since D.M. is a minor, said amount to be invested in a Certificate of Deposit to be purchased through Huntington Bank. The Certificate of Deposit and the safekeeping receipt and/or any other document evidencing its purchase shall show on their face the following legend: **NO TRANSACTIONS SHALL BE MADE WITHOUT COURT ORDER.** The Certificate of Deposit shall be maintained in the following format:

    > D.M., a minor, by her parents and natural guardians, ▮▮▮▮▮▮▮▮. **Redemption by court order only until the minor reaches the age of majority.** United States District Court for the District of Minnesota File No. 23-cv-00002 WMW/JFD**.**

    A copy of the court's order is to be delivered to Huntington Bank by the ACLU, along with the check and the request for the Certificate of Deposit.

3

A copy of the court's order and the evidence of purchase of the Certificate of Deposit are to be filed with the court administrator of the United States District Court for the District of Minnesota. Interest earned on the Certificate of Deposit will not be available to D.M. or his parent until released by the court to D.M. or after he turns 18. All interest statements, notifications and tax information shall go to D.M.'s place of residence at ▮▮▮▮▮, or as directed to be changed from time to time by D.M. or his parent. Applications for release of funds before the age of majority may be made by the appropriate petition to the court.

3. Authorizing Petitioner to sign any documents necessary to effectuate the settlement and distribution of the recovered proceeds.

4. For such other relief as the Court deems just and equitable.

_____
K.J., as parent and natural guardian of D.M.

Subscribed and sworn to before me
this 14th day of September, 2023

_____
Notary Public
This document was prepared by:

Heather Mundt
Notary Public
Minnesota
My Commission Expires Jan. 31, 2028

_____
Ian Bratlie (No. 319454)
Teresa Nelson (No. 0269736)
P.O. Box 14720
Minneapolis, MN 55415
Telephone: (651) 645-4097
ibratlie@aclu-mn.org

*Counsel for Plaintiffs*